## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

GEMMEL, TODD & MERENICH, P.A.
Robert P. Merenich, Esquire (024621993)
767 Shore Road
P.O. Box 296
Linwood, NJ 08221
Phone: 609-927-7200
E-Mail: bobmerenich@gemmeltoddmerenich.com
Attorneys for Plaintiff, Beau Jason McGlynn

| | | |
|---|---|---|
| BEAU JASON MCGLYNN, | : | |
| | : | |
| Plaintiff, | : | CASE NO.: 1:21-cv-18106 |
| | : | |
| vs. | : | |
| | : | COMPLAINT |
| PETER BUTTIGIEG as | : | |
| SECRETARY OF THE UNITED | | |
| STATES DEPARTMENT OF | : | |
| TRANSPORTATION, | | |
| | : | |
| Defendant. | : | |

## PRELIMINARY STATEMENT

Plaintiff, Beau Jason McGlynn, a resident of the City of Atlantic, Atlantic County, New Jersey sues to redress violations of his right to a workplace free of  harassment and hostility based upon his disability, his right to be free from discrimination based on his disability and his right to be free from retaliation for his good faith complaints  regarding such discrimination, harassment and hostility as guaranteed to federal employees by Title V of  the Rehabilitation Act, 29 U.S.C. Sections 791 et seq.

## JURISDICTION AND VENUE

1.   This court has jurisdiction over claims brought pursuant to Title VII by the authority of the Rehabilitation Act,  § 794(a).

2.   Venue is appropriate in this Court pursuant as the discriminatory practices occurred in Galloway Township, New Jersey, a Township within the District of New Jersey, Camden Vicinage.

3.   At all times relevant, Plaintiff is a qualified individual with a disability, is regarded as disabled, and/or has a record of disability as defined by the Rehabilitation Act.

4.   Defendant is a federal agency as defined by the Rehabilitation Act.

5.   Defendant is an "employer" within the meaning of the Rehabilitation Act.

6.   Plaintiff is an "employee" within the meaning of the Rehabilitation Act.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

1.   In 2020, Plaintiff filed an EEO Complaint against his employer the FAA. This EEOC Complaint was filed to redress violations of his right to a workplace free of harassment and hostility based upon his disability, to his right to be free from discrimination on the basis of his disability and to be free from retaliation for his good faith complaints regarding such discrimination, harassment and hostility as guaranteed by the Rehabilitation Act, 29 U.S.C. sections 791 et seq.

2.   On July 7, 2021, Plaintiff, with the knowledge and consent of the FAA and the EEOC Administrative Court withdrew his pending EEO complaint captioned, Jason McGlynn v. DOT, 520-2021-00190x/2020-28788-FAA,which complaint had not been adjudicated within 180 days after the filing of the initial complaint in accordance with 29 C.F.R. 1614.07 (b)

## STATEMENT OF FACTS

1.   At all times relevant Plaintiff, Beau Jason McGlynn, is an employee of the defendant, Federal Aviation Administration ("FAA"), working out of their Pomona, Atlantic County, New Jersey facility.

2.   At all times relevant Plaintiff worked as a Management and Program Analyst, 0343H in the Automation and Agency Support work unit.

2

3.     Plaintiff has worked for the FAA since September 2001.

4.     Plaintiff is disabled having been diagnosed since birth with cerebral palsy:
Plaintiff's appearance, speech and motor function are significantly affected by
his cerebral palsy.

5.     Even with these disabilities, Plaintiff has been, and continues to be, able to
perform the duties assigned to him with reasonable accommodation.

6.     The FAA has not only failed to utilize Plaintiff's skill set, but also, as set forth
below, subjected him to a relentless hostile work environment based on his
disability and in retaliation for his complaints, including a 2018 matter, to
redress workplace discrimination.

7.     Hired under the People with Disabilities Program (PWD), Plaintiff has
historically been placed in a room off the hallway, near an entranceway, next
to an elevator, next to no one i.e. some distance away from his working team.

8.     Plaintiff has historically been passed over for promotion, denied temporary
details, and given un-challenging work below his potential.

9.     An EEO complaint was filed in 2018, 2018-27718-FAA-01 ("2018 EEOC
Complaint") seeking to redress these conditions: while the resolution of this
matter would address some of the foregoing incidents and manifestations, this
discrimination would nonetheless continue with now an added element of
retaliation.

10.    Plaintiff's Center Operations Division Manager at the time of the 2018 EEOC
Complaint was James Connett.

11.    On or about January of 2020, after the resolution of the 2018 EEOC
Complaint, Plaintiff would no longer be directly dropped off at his duty station
building by an Access Link Bus if there were other non-FAA passengers on
that bus.

12.    Plaintiff had accessed his FAA duty station building via an Access Link Bus
since 2001.

13.    The FAA did not inform Plaintiff of this change ahead of time, and this change

made Plaintiff's access to the FAA difficult: Plaintiff would be late to work as well as transported on vehicles which were not ADA compliant or operated by a driver to provide needed assistance.

14. Plaintiff filed a grievance regarding this poor access; the grievance was resolved only because Plaintiff was forced to accept the FAA's resolution: Plaintiff cannot drive, could no longer take the Access Link Bus or rely on his mother to get to work.

15. On or about March 2, 2020, a union representative, Andrea Parker, calling on behalf of Plaintiff, contacted the National Coalition of Federal Aviation Employees with Disabilities and spoke with its President, Mr. Greg Brooks.

16. Mr. Brooks was shocked by the FAA's treatment of Plaintiff and would contact the FAA at Pomona.

17. Mr. Brooks reported back to Ms. Parker and told her that Mr. Connett (the Division Manager) said "we love Jason"; but, in the next breath said "but he manipulates people."

18. Mr. Brooks also told Ms. Parker that he has not seen anything like Mr. Connett's attitude towards the union and the disabled.

19. Plaintiff has reason to believe Mr. Connett's skewed perception of the disabled, a perception held by the very top of the FAA at Pomona, was shared by his subordinates.

20. Derisive comments, from management, have been made about Plaintiff such as "I know what I am doing," or that Plaintiff is depraved, or that it is perfectly ok if Plaintiff is doing nothing.

21. By way of further example, at the same time Ms. Parker informed Plaintiff about Mr. Connett's manipulative comments, Ms. Parker told Plaintiff that similar statements were made by Jacqueline Butler, Labor and Employee Relations (LER) Manager, in reference to an allegation made to the Accountably Board (AB).

22. Plaintiff's supervisor from July 2019 through 2020 was Olethia Lawson-Brown, who knowingly enabled and facilitated an intimidating, hostile, or offensive work environment.

   A. Lawson-Brown was aware and part of the 2018 EEOC Complaint.

   B. Lawson-Brown failed to properly investigating a complaint filed against Plaintiff and made biased decisions in favor of the reporting party and against Plaintiff.  Not following the intent of FAA Order 1110.125B, Lawson-Brown did not properly notify Plaintiff as to the specifics of the "harassment" allegations made against him.

   C. Lawson-Brown never fully integrated plaintiff into his work unit,  and ostracized and isolated him by actually telling Plaintiff not to have physical (visible) contact with members of his work unit.

   D. Lawson-Brown gave Plaintiff instructions and assignments that were punitive.

23. Fellow worker, Kim Spence, electronics engineer, made false accusations against Plaintiff regarding the performance of a sexual act in front of her; she would also complain about Plaintiff's appearance, motor skills and speech.

24. Annette Thornton, an IT Specialist, would also complain about Plaintiff's appearance, motor skills and speech.

25. Plaintiff's appearance, motor skills and speech are all affected by his cerebral palsy.

26. Essentially, Plaintiff has suffered the ongoing indignity of being marginalized and ultimately ostracized because he looks and talks differently than others.

27. When Plaintiff has attempted to stand up for himself so as to be treated  equally under the law those attempts are thought to be manipulative.

28. Even worse, Plaintiff's fellow workers have now demonized him by characterizing Plaintiff as depraved and "knowing what he is doing."

29. When Plaintiff tried to make contact with his fellow team members, he was investigated for sexual harassment.

30. One consequence of Plaintiff's cerebral palsy leads to spastic uncontrollable movement.

31. When for instance his arm(s) go out of control Plaintiff attempts to regain control of this spastic uncontrollable movement by putting that arm between his legs.

32. During one of Plaintiff's involuntary arm swings he rested his hand in-between his legs, a fellow employee interpreted his movement as grabbing his crotch in an act of sexual harassment: Plaintiff's speech, which is stilted and slurred, was considered by this same employee to be a sexual groan.

33. Lawson -Brown would tell Plaintiff that on the morning of March 25, 2020 that a team member accused him of harassment occurring on March 19, 2020.

34. Lawson-Brown did not inform Plaintiff of the specific allegation.

35. Lawson-Brown informed Plaintiff on March 26, 2020 that he was no longer on the CMA Team and that he was to cease all contact with Kim Spence and Annette Thornton.

36. It was not until Plaintiff was before a fact finder on June 11, 2020 when Plaintiff would learn that he was being accused by Ms. Spence of a grotesque act of sexual harassment.

37. Prior to June 11, 2020, both Plaintiff, and his union representative Parker, attempted to find out what exactly it was that Plaintiff had done.

38. Jackie Butler, the LER, in an overt demonstration of bias, i.e. before hearing Plaintiff and his story, would say "Jason knows what he did, he did this before."

39. Lawson-Brown, in apparent cooperation with Jackie Butler, unnecessarily skewed and prolonged the accountability board process: Plaintiff would not know the specific allegations against him, nor would the issue be resolved until the middle of June 2020.

40. At no time did Lawson-Brown consider that Plaintiff's means of controlling a spastic involuntary arm movement was placing his hands between his legs:

6

that is, the supposed act of harassment was nothing more than a direct manifestation of his disability.

41.   Had Lawson-Brown or Plaintiff's co-workers been educated as to Plaintiff's disability, or had they spent any matter in person time with Plaintiff, Plaintiff's movements would have been seen for the regain of control function they were.

42.   Plaintiff has been openly and wantonly harassed on account of his disability and for having sought redress for this discriminatory conduct.

43.   Plaintiff has ridiculed by being marginalized and ostracized by his team and supervisors.

### FIRST CAUSE OF ACTION: REHABILITATION ACT

1.   Plaintiff re-alleges as if fully restated herein all allegations contained in all prior paragraphs.

2.   Defendant has failed to provide reasonable accommodation pertaining to his drop off,  discriminated against Plaintiff on basis of his disability and created a hostile work environment  on the basis of his disability in violation of the Rehabilitation Act,  29 U.S.C. sections 791 et seq.

3.   As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer economic and non-economic damages including but not limited to lost wages, physical and emotional distress, pain and suffering, loss of enjoyment of life, attorney's fees and costs.

**WHEREFORE**, Plaintiff demands Judgment as  follows:

A.   Back and Front pay;

B.   Compensatory and consequential damages;

C.   Attorneys fees and costs;

D.   Pre-judgment interest;  and

E.   Such other relief as the Court deems equitable and just including but not limited to disability sensitivity training by all FAA Management at the Pomona Facility.  Such other relief as the Court deems equitable and just.

## SECOND CAUSE OF ACTION: RETALIATION

1.    Plaintiff re-alleges as if fully restated herein all the allegations contained in all prior paragraphs.

2.    Defendant has retaliated against Plaintiff for his protected activity including but not limited to his grievances and EEOC Complaint regarding discriminatory activity all of which are in violation of the Rehabilitation Act.

3.    As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer economic and non-economic damages including but not limited to lost wages, physical and emotional distress, pain and suffering, loss of enjoyment of life, benefits, attorney's fees and costs.

**WHEREFORE**, Plaintiff demands Judgment as follows:

A.    Back and front pay;

B.    Compensatory and consequential damages;

C.    Attorneys fees and costs;

D.    Pre-judgment interest; and

E    Such other relief as the Court deems equitable and just including but not limited to disability sensitivity training by all FAA Management at the Pomona Facility.

**GEMMEL, TODD & MERENICH, P.A.**
Attorneys for Plaintiff, Beau Jason McGlynn

By:    /s/Robert Merenich
Robert P. Merenich, Esquire (024621993)
767 Shore Road
P.O. Box 296
Linwood, NJ 08221
Phone: 609-927-7200
E-Mail: bobmerenich@gemmeltoddmerenich.com

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

**GEMMEL, TODD & MERENICH, P.A.**
Attorneys for Plaintiff, Beau Jason McGlynn

By:    /s/Robert Merenich
          Robert P. Merenich, Esquire (024621993)
          767 Shore Road
          P.O. Box 296
          Linwood, NJ 08221
          Phone: 609-927-7200
          E-Mail: bobmerenich@gemmeltoddmerenich.com

## STATEMENT AS TO ADDITIONAL PARTIES

There are no other parties to be added to this action.

**GEMMEL, TODD & MERENICH, P.A.**
Attorneys for Plaintiff, Beau Jason McGlynn

By:    /s/Robert Merenich
          Robert P. Merenich, Esquire (024621993)
          767 Shore Road
          P.O. Box 296
          Linwood, NJ 08221
          Phone: 609-927-7200
          E-Mail: bobmerenich@gemmeltoddmerenich.com